IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| W.M-S., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:24-cv-199-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| TERRENCE DICKERSON, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION OF DISMISSAL**

Pending before the Court is Petitioner's application for habeas relief (ECF No. 1) and Respondent's second motion to dismiss (ECF No. 8).[1]  On March 5, 2025, Respondent notified the Court that Petitioner had been "inadvertently removed to Mexico from the United States."  Resp't's 2nd Mot. to Dismiss 2-3, ECF No. 8.  In support, Respondent submitted a declaration by Cammilla Wamsley, the Acting Assistant Director for Field Operations, Western Operations, for Enforcement and Removal Operations ("ERO"), United States Immigration and Customs Enforcement ("ICE").  Wamsley Decl., ECF No. 8-1.  According to Wamsley, Petitioner was transferred to the southwest border of the United States on February 19, 2025, in preparation for removal to Venezuela, but instead, "ERO inadvertently removed [Petitioner] through the Port of Entry in Nogales Arizona, on foot, to Mexico."  *Id.* ¶ 7.  Wamsley attached an I-205 Warrant of Removal/Deportation showing that

---

[1] Respondent filed his first motion to dismiss on February 18, 2025 (ECF No. 6).  Because the Court recommends granting Respondent's second motion to dismiss, it is recommended that this first motion be denied as moot.

Petitioner was removed on foot from the United States on February 20, 2025. Wamsley Decl. Ex. A, at 2, ECF No. 8-2. Due to Petitioner's removal, Respondent moves to dismiss the petition as moot. Resp't's 2nd Mot. to Dismiss 2-3. Under the limited and unusual circumstances of this case, the Court recommends that Respondent's second motion to dismiss be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2 and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 7, ECF No. 1. Respondent admits that Petitioner—a native of Venezuela—crossed over the border from the United States into Mexico on foot and is no longer in ICE custody. Resp't's 2nd Mot. to Dismiss 2; Wamsley Decl. ¶¶ 7-8. According to Wamsley, ICE attempted to locate Petitioner in Mexico so that

it could bring him back to the United States to effectuate his removal to Venezuela, but it was unsuccessful. *Id.* ¶ 8.

The evidence submitted by Respondent indicates that Petitioner is at large in Mexico—in other words, he is no longer detained by the Department of Homeland Security. Petitioner submitted no evidence to rebut this assertion.[2] Thus, under the circumstances of this case, because Petitioner is no longer in Respondent's custody, the Court can no longer give Petitioner any meaningful relief. The case is consequently moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondent's second motion to dismiss (ECF No. 8) be **GRANTED**, Respondent's first motion to dismiss (ECF No. 6) be **DENIED as moot**, and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

---

[2] The Court sent notice of Respondent's second motion to dismiss to the previously known addresses for Petitioner, but the notices were returned as undeliverable (ECF Nos. 9, 11) and Petitioner did not respond to the motion.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 12th day of June, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE